

JASON A. RYAN
jryan@ryanwhaley.com
405.228.2113

August 23, 2022

VIA ELECTRONIC MAIL
Kiran Phansalker
Conner & Winters, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102

Re:   *RX Medical, LLC, et al. v. Melton, et al..*; Okla. County, OK Case No. CJ-2022-4032

Dear Kiran:

Thank you for speaking with me this afternoon. Its my understanding that you and your firm have been retained to represent Stryker Corporation and the Individual Defendants (Melton, Poos, Cline, Perry, Bullard, Mason, McDonald, and Moore) in the above referenced litigation. This letter will confirm that, pursuant to your request, the hearing on Plaintiffs' request for a temporary injunction set for August 24, 2022, has been stricken and re-set for August 30, 2022, at 10:00 a.m.

This will also confirm that you and your clients are aware of the Temporary Restraining Order ("Order") entered by the Court on August 19, 2022. As set forth in detail below, your clients continue to violate every aspect of the Order.

Paragraph 1 of the Order directs the Individual Defendants to immediately cease and desist the direct solicitation of Plaintiffs' established customers. Contrary to this directive, the Individual Defendants continue to directly solicit Plaintiffs' established customers and continue to be present in the operating room with Plaintiffs' customers. An example of the Individual Defendants' continued solicitation is Justin Poos attending Dr. Detweiler surgeries in Stillwater on Monday, August 23, and attending Dr. De la Garza's surgeries on Tuesday, August 23, 2022. Both instances occurred after Justin Poos had been served with the TRO.

Paragraphs 2 and 3 of the Order direct all Defendants to immediately cease and desist from assisting each other in the solicitation of Plaintiffs' established customers through the use of confidential data, trade secrets, or information learned by the Individual Defendants through their employment by Plaintiffs or secured by Defendants through their collective unauthorized access of Plaintiffs' computer system. Despite this, and in direct violation of the Order, Defendants continue to use Plaintiffs' confidential data and information obtained by the Individual Defendants while employed by the Plaintiffs to directly solicit Plaintiffs' established customers.

Paragraph 4 of the Order directs all Defendants to cease and desist from using Plaintiffs' confidential data and trade secrets learned or obtained by the Individual Defendants while employed by Plaintiffs or secured through the Defendants' collective unauthorized use of Plaintiffs' computer systems and/or servers.

400 North Walnut Avenue
Oklahoma City, OK 73104
405.239.6040
ryanwhaley.com

Exhibit 4
Page 1 of 3



Kiran Phansalker
2

Paragraph 6 of the Order specifically directs the Defendants to identify and return to Plaintiffs all scheduling information for upcoming procedures. The Individual Defendants are using products through contracts Plaintiffs' have with ZimVie and third-party manufacturers, including, but not limited to, Centinel, Zavation, and Cerepedics. The Individual Defendants are no longer authorized to sell or distribute these products under Plaintiffs' contracts. Plaintiffs need immediate access to the scheduling so they can fulfill their obligations under the contracts.

Accordingly, we request your assistance in immediately obtaining your clients' compliance with this Order through, among other things, the following: (1) directing Defendants to immediately cease and desist from directly soliciting Plaintiffs' established customers, including preventing the Individual Defendants from attending surgeries conducted by Plaintiffs' established customers; (2) directing Defendants to immediately return the calendar and scheduling information for all upcoming surgeries being performed by Plaintiffs' customers; (3) directing the Corporate Defendants to immediately cease and desist attending the surgeries of Plaintiffs' customers that were obtaining wrongfully from Plaintiffs' computers; (4) directing all Defendants to immediately return to Plaintiffs all confidential, proprietary information and trade secrets, including, pricing data, client list and usage/preference data, and distributorship/agency agreements; and (4) directing all Defendants to work with Plaintiffs for the immediate return of Plaintiffs' inventory.

Additionally, Plaintiffs request that Defendants preserve and maintain any tangible evidence, document, and relevant correspondence and communications, as well as electronically stored information in their custody or control that is or may be relevant to the allegations set forth in Plaintiffs' Verified Petition. Of particularly interest in this matter is the preservation of electronic documents, which includes e-mails located in each of the Defendants' personal or professional email mailboxes (whether in the Inbox, Outbox, Sent Items, Deleted Items, or individual folders, etc.), as well as text messages and other instant messages. This preservation notice should be treated as a high priority undertaking to avoid even inadvertent deletion, alteration, or destruction of materials.

Documents subject to this preservation request include, but are not limited to, those described above and the following:

1. All documents Defendants are required to identify and return to the RX Medical Family of Companies in accordance with Judge Dishman's August 19, 2022 Order;

2. All emails, documents, data, contracts and/or contacts that Defendants sent, received and/or copied from the RX Medical Family of Companies' computer systems and/or servers;

3. All RX Medical Family of Companies' trade secret and proprietary information in Defendants' possession, custody and/or control, including any and all copies of RX Medical surgery schedules;

4. All work papers and permanent files;

5. All billing files;

6. Any desk files;

400 North Walnut Avenue
Oklahoma City, OK 73104
405.239.6040
ryanwhaley.com

Exhibit 4
Page 2 of 3



Kiran Phansalker
3

7. Any such files/electronic documents stored on computer network and hard drives, removable media or mobile communication device;

8. Any e-mail communications in Defendants' e-mail boxes, whether contained on a computer or mobile communication device;

9. All text messages or instant messages on any computer or mobile communication device; and

10. All files located at any Defendants' home office, in third party storage, etc.

Thank you for your cooperation and assistance in this important effort.

Sincerely,

Jason A. Ryan
FOR THE FIRM

400 North Walnut Avenue
Oklahoma City, OK 73104
405.239.6040
ryanwhaley.com

Exhibit 4
Page 3 of 3