IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RX MEDICAL, LLC; ROK SALES, LLC; and ROK MEDICAL MANAGEMENT, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBEN MELTON; JUSTIN POOS; BRADY CLINE; TODD PERRY; SHELBY BULLARD; GREG MASON; JOSHUA MCDONALD; KRISTY MOORE; DIGSS INVESTMENTS, LLC; STRYKER CORPORATION; SUMMIT SPINE SOLUTIONS, LLC; and RD MEDICAL, LLC, <br><br> Defendants. | Case No. 22-cv-00731-PRW |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
AND BRIEF IN SUPPORT**

Plaintiffs, RX Medical, LLC ("RX Medical"), ROK Sales, LLC, and ROK Management, LLC ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 65(a), respectfully request that the Court enter a Preliminary Injunction against Defendants as more fully set forth herein.

**PROCEDURAL HISTORY**

On August 19, 2022, Plaintiffs filed a Verified Petition in the District Court of Oklahoma County (Case No. CJ-2022-4032), along with an Emergency Motion for a Temporary Restraining Order and Temporary Injunction, asking the court to enter a TRO to protect the *status quo* for such period of time until the court could afford the parties a hearing on the issue of a temporary injunction. *See* Ex. 3 to Notice of Removal (Doc. No.

1

1-3).[1] The Emergency Motion was granted, and the Court set a hearing on the temporary injunction for August 24, 2022, at 10 a.m. After service was obtained, Defendants' counsel informed Plaintiffs that Defendants wanted to strike the August 24 hearing. Defendants filed a Notice of Removal on August 24, 2022 (Doc. No. 1) and the instant Motion on August 25, 2022. Accordingly, Plaintiffs' Motion for Temporary Injunction was not decided prior to removal and is ripe for decision under Rule 65. Pursuant to Rule 65(b)(3), the Court is directed to set the motion for hearing on the preliminary injunction "at the earliest possible time." Rule 65(b)(4) directs the Court to hear a motion to dissolve at TRO "as promptly as justice requires." The Court has scheduled a hearing for August 31, 2022, and Plaintiffs will be prepared to present evidence in support of this Motion. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1974). For the reasons set forth in Plaintiffs' Motion for Temporary Injunction, filed in state court, and its Response to Defendants' Motion to Dissolve the Temporary Restraining Order, a preliminary injunction should be granted.

## ARGUMENT AND AUTHORITIES

"A federal court's equity jurisdiction affords it the power to enjoin otherwise lawful activity when necessary and appropriate in the public interest to correct or dissipate the evil effects of past unlawful conduct." *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 961 (10th Cir. 2002). The main purpose of a preliminary injunction is simply "to

---

[1] Plaintiffs' Motion for Temporary Injunction filed in state court and its Response to Defendants' Motion to Dissolve the Temporary Restraining Order are both incorporated herein by reference.

preserve the *status quo* pending the outcome of the case." *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986). The Court should issue a preliminary injunction where it is necessary to preserve its "power to render a meaningful decision on the merits." *See id*.

In order to obtain a preliminary injunction, a movant must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). The Tenth Circuit has adopted a modified interpretation of the "likelihood of success" requirement where, if the other requirements for a preliminary injunction are satisfied, the movant can establish the "likelihood of success" requirement merely by showing "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues fair ground for litigation and deserving of more deliberate investigation." *See City of Chanute v. Kansas Gas & Elec. Co.*, 754 F.2d 310 (10th Cir. 1985). As set forth in Plaintiffs' Motion for Temporary Injunction, filed in state court, and its Response to Defendants' Motion to Dissolve the Temporary Restraining Order, Plaintiffs have established that each of the four factors is met here:

1. Plaintiffs are likely to succeed on the merits of their claims against Defendants under the non-solicitation provisions in the agreements with the Contract Employees, Defendants' misappropriation of trade secrets under the OUTSA, and Defendants' violations of the Computer Fraud and Abuse Act.

2. Plaintiffs have suffered, and will continue to suffer, irreparable harm to their business and their goodwill, among other things, which cannot be fully compensated by money damages.

3. Defendants will not suffer substantial harm as a result of an order to comply with their contractual and legal obligations.

4. The public interest favors injunctions preventing conduct that breaches agreements containing reasonable restraints on trade, involves the misappropriation of trade secrets, and/or violates other federal and state statutes.

Accordingly, the Court should exercise its jurisdiction to issue a preliminary injunction pursuant to Rule 65, in order to maintain the *status quo* and preserve its power to order meaningful relief on the merits, ordering:

1. The Contract Employees (Defendants Poos, Melton, Kline and Perry) to immediately cease and desist from directly soliciting any person or company who was an established customer of Plaintiffs.

2. The Individual Defendants to immediately cease and desist from assisting the Corporate Defendants, or any of their respective employees or agents, in directly soliciting any person or company who was an established customer of Plaintiffs through the use of confidential data or trade secrets learned by the Individual Defendants during the course of the Individual Defendants' employment with Plaintiffs, or secured by Defendants through their collective unauthorized access to Plaintiffs' computer systems and/or servers.

3. The Corporate Defendants to immediately cease and desist from assisting the Individual Defendants with, or participating in, the Contract Employees' direct solicitation of any person or company who was an established customer of Plaintiffs through the use of confidential data or trade secrets learned by the Individual Defendants during the course of the Individual Defendants' employment with Plaintiffs, or secured by Defendants through their collective unauthorized access to Plaintiffs' computer systems and/or servers.

4. The Individual Defendants and the Corporate Defendants to immediately cease and desist from using, and to return to Plaintiffs, any and all confidential materials, and other such material as may be considered by Plaintiffs to be trade secrets, which were generated by or for Plaintiffs, and/or which were learned or obtained by the Individual Defendants, during the course of the Individual Defendants' employment with Plaintiffs, or secured by Defendants through their collective unauthorized access to Plaintiffs' computer systems and/or servers, including without limitation any strategic pricing information, customer lists, customer preference data, customer usage data, and market data.

5. The Defendants to immediately return to Plaintiffs all of Plaintiffs' medical equipment, instruments, and supplies which were taken by the Defendants, and/or not returned to Plaintiffs, upon the resignation of the Individual Defendants.

6. The Defendants to immediately identify and provide to Plaintiffs all calendar and scheduling information regarding upcoming procedures and/or orders, which the Individual Defendants improperly deleted and/or destroyed upon their resignation, and all information copied, shared and/or disclosed by the Individual Defendants to Stryker or the

other Corporate Defendants, including through their unauthorized access to Plaintiffs' computer systems/servers.

*s/Jason A. Ryan*
PATRICK R. PEARCE, JR., OBA #18802
JASON A. RYAN, OBA #18824
COREY A. NELLER, OBA #19534
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
rpearce@ryanwhaley.com
jryan@ryanwhaley.com
cneller@ryanwhaley.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/Jason A. Ryan*
Jason A. Ryan