IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RX MEDICAL LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-22-731-PRW |
| ROBEN MELTON, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

This case was removed to federal court by Defendants, asserting that this Court has subject matter jurisdiction pursuant to this Court's federal question jurisdiction.[1] Only one claim in this case involves a federal question: Plaintiffs' claim under the federal Computer Fraud and Abuse Act.[2] Jurisdiction over Plaintiffs' remaining claims are asserted under this Court's supplemental jurisdiction.[3] After Defendants' removal and Emergency Motion to Dissolve *Ex Parte* Temporary Restraining Order (Dkt. 6), the Court set a hearing for the motion on August 31, 2022.[4] At the hearing, in addition to the arguments related to dissolving the Temporary Restraining Order and Plaintiffs' Motion for a Preliminary Injunction (Dkt. 15), the parties should be prepared to address whether—in light of *Van*

---

[1] *See* Defs.' Notice of Removal (Dkt. 1), at 2 (citing 28 U.S.C. § 1331).

[2] *Id.* (citing 18 U.S.C. § 1030).

[3] *Id.* (citing 28 U.S.C. § 1367(a)).

[4] *See* Order (Dkt. 10), at 1.

*Buren v. United States*[5]—Plaintiffs have sufficiently pled a claim under the Computer Fraud and Abuse Act, and if not, whether declining to exercise supplemental jurisdiction over the remaining state law claims is appropriate under 28 U.S.C. § 1367(c)(3). Additionally, the parties should also be prepared to address whether the five state law claims substantially predominate over the Computer Fraud and Abuse Act claim, and if so, whether declining to exercise supplemental jurisdiction over the remaining state law claims is appropriate under 28 U.S.C. § 1367(c)(2).

**IT IS SO ORDERED** this 30th day of August 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[5] 141 S. Ct. 1648 (2021).