## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RX MEDICAL, LLC; ROK SALES, LLC; and ROK MEDICAL MANAGEMENT, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 22-cv-00731-PRW |
| ROBEN MELTON; JUSTIN POOS; BRADY CLINE; TODD PERRY; SHELBY BULLARD; GREG MASON; JOSHUA MCDONALD; KRISTY MOORE; DIGSS INVESTMENTS, LLC; STRYKER CORPORATION; SUMMIT SPINE SOLUTIONS, LLC; and RD MEDICAL, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' NOTICE OF INTENT TO AMEND THEIR PLEADING TO REMOVE THEIR CLAIM UNDER THE FEDERAL COMPUTER FRAUD AND ABUSE ACT

Plaintiffs, RX Medical, LLC ("RX Medical"), ROK Sales, LLC, and ROK Management, LLC ("Plaintiffs"), hereby submit this Notice of their intent, pursuant to Rule 15(a), to amend their pleading to remove their claim under the Federal Computer Fraud and Abuse Act ("CFAA") (Doc. No. 1-1, ¶¶ 77-92, Plaintiffs' Fifth Cause of Action) (hereinafter, the "Federal Claim"). Plaintiffs are entitled to amend their pleading once as a matter of course within 21 days of serving it. *See* Rule 15(a)(1)(A).

Plaintiffs asserted their Federal Claim under the CFAA pursuant to 18 U.S.C. § 1030(a)(2)(C) and § 1030(a)(5)(C). *See, e.g., ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC*, 407 F. Supp. 3d 1186, 1191–92 (W.D. Okla. 2019) (employee/agent acts "without authorization" with regard to the CFAA after his authority terminates due to

acquiring adverse interests or a serious breach of loyalty to the employer). As Plaintiffs have continued to investigate their Federal Claim, however, they have been able to recover a substantial part of the data _known_ to be deleted from its computer system by the Defendants, and Defendant Poos has declared that neither he nor any of the Defendants deleted any other data to his knowledge. _See_ Doc. 6-1, ¶ 10.

The lone Federal Claim, therefore, is only a small part of the claims asserted by Plaintiffs herein, and the five state law claims substantially expand the scope of the case and will require elements of proof that are distinct from the Federal Claim. As the Court's Order (Doc. No. 16) suggested, the five state law claims substantially predominate over the Federal Claim, such that declining to exercise supplemental jurisdiction over the remaining state law claims is appropriate under 28 U.S.C. § 1367(c)(2); _see also James v. Sun Glass Hut of California, Inc._, 799 F. Supp. 1083, 1085 (D. Colo. 1992); _Dunbar v. Hammans_, CIV-20-0595-F, 2021 WL 1143781, at *2 (W.D. Okla. Mar. 25, 2021). In order to avoid the possibility of the Court determining it appropriate or necessary to split Plaintiffs' claims, and causing all the parties to incur additional time and expense involved with lawsuits pending in two separate forums, Plaintiffs will amend their pleading, as a matter of course, to remove the Federal Claim (the only claim over which this Court has original jurisdiction).

Plaintiffs will file the amended pleading as expeditiously as practical. Plaintiffs file this notice in advance of the August 31 hearing, so that the Court can take any additional action it deems appropriate, if any, to conserve the resources of the Court, the parties, and/or witnesses who have been subpoenaed to appear at the hearing.

*s/Jason A. Ryan*
PATRICK R. PEARCE, JR., OBA #18802
JASON A. RYAN, OBA #18824
COREY A. NELLER, OBA #19534
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
rpearce@ryanwhaley.com
jryan@ryanwhaley.com
cneller@ryanwhaley.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/Jason A. Ryan*
Jason A. Ryan