IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RX MEDICAL, LLC, ROK SALES, LLC, and ROK MEDICAL MANAGEMENT, LLC,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROBEN MELTON, JUSTIN POOS, BRADY CLINE, TODD PERRY, SHELBY BULLARD, GREG MASON, JOSH MCDONALD, KRISTY MOORE, DIGSS INVESTMENTS, LLC, STRYKER CORPORATION, SUMMIT SPINE SOLUTIONS, LLC, and RD MEDICAL, LLC,<br><br>　　　　　　　　　　　Defendants. | Case No.: 5:22-cv-00731-PRW |

**DEFENDANTS' MOTION TO QUASH SUBPOENAS TO APPEAR
AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION
AND REQUEST FOR EXPEDITED RULING WITH BRIEF IN SUPPORT**

　　　　Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation, Summit Spine Solutions, LLC, and RD Medical, LLC ("Defendants"), by their attorneys and pursuant to Federal Rule of Civil Procedure 45(d)(3), respectfully submit this Motion to Quash Subpoenas to Appear and Testify at Hearing or Trial in a Civil Action and Request for Expedited Hearing. Defendants respectfully request that this Court set this Motion for expedited consideration. In support hereof, the Defendants would show the Court the following:

**INTRODUCTION**

　　　　The Plaintiffs filed a Notice of Subpoena (Dkt. 13) on the afternoon of Monday, August 29, 2022, notifying the Court that Plaintiffs seek the appearance of Defendants Roben Melton, Justin Poos, and Brady Cline (the "Subpoenaed Defendants") before this

Court on the morning of Wednesday, August 31, 2022 to attend the hearing on *Defendants' Emergency Motion to Dissolve Ex Parte Temporary Restraining Order and Brief in Support* (Dkt. 6) (the "Defendants' Emergency Motion").  The Plaintiffs failed to provide the Subpoenaed Defendants a reasonable time to comply but instead served Brady Cline on August 29, 2022 at around 5:30 PM; Roben Melton on August 29, 2022 at around 4:00 PM; and Justin Poos on August 30, 2022 at around 8:00 AM.  Thus, Roben Melton and Brady Cline were provided with **_less than 48 hours' notice_** to comply; Justin Poos was provided **_just over 24 hours' notice_** to comply.

Moreover, to compound the lack of reasonable notice, there has been no opportunity for discovery to take place in this case and no opportunity for Defendants to meaningfully prepare for their testimony.  As set forth in Defendants' Motion for Leave to Conduct Expedited Discovery, Plaintiffs are attempting to rush an evidentiary hearing before they have even identified their claims to Defendants or this Court, much less allowed reasonable discovery into those claims.  It would simply be unfair and extraordinarily prejudicial to the Defendants to allow the Plaintiffs the opportunity to spring evidence upon the Individual Defendants during their testimony without first allowing the parties to conduct discovery.[1]  For example, the Plaintiffs in their *Response to the Defendants' Emergency Motion* (Dkt. 14) attach what they allege is a transcript of a recorded call between Roben Melton and Greg Oplotnik, which suspiciously appears to report less than an entire conversation.  Defendants have had no opportunity to obtain the *full* recording.  As more

---

[1] The Defendants contemporaneously with this Motion are filing a Motion for Expedited Discovery.

fully explained within Defendants' contemporaneously filed Motion for Expedited Discovery, without discovery, the Defendants are left to guess as to what other evidence the Plaintiffs may use in an attempt to ambush the Subpoenaed Defendants, or what other evidence may support the Defendants' defenses in this matter.  There are numerous parties in this matter and numerous claims made by Plaintiffs.  At a minimum, before forcing the Subpoenaed Defendants to testify on record in open court, this Court should allow for expedited discovery and a reasonable amount of notice before their testimony is required.

**ARGUMENT AND AUTHORITY**

**I.    PLAINTIFFS FAILED TO PROVIDE REASONABLE TIME TO COMPLY WITH SUBPOENA**

Federal Rule of Civil Procedure 45(d)(3)(A) provides that "the court for the district where compliance is required **must** quash or modify a subpoena that: (i) fails to allow a reasonable time to comply."  While FRCP 45 does not define "reasonable time," this Court has found that, in making the determination as to whether the subpoena provided a "reasonable time to comply", it was critical to inquire whether the subpoena and notice could have been provided to the witness earlier and that a mere 48 hours was *NOT* reasonable.  *Nelson v. Granite State Ins. Co.*, No. CIV-08-1165-M, 2010 WL 908845, at *1 (W.D. Okla. Mar. 10, 2010) ("Critical to the Court's determination is that it appears that defendant could have notified Dr. Blough earlier of the need for him to testify; however, defendant failed to do so until a mere 48 hours in advance.").  Similarly, the Fifth Circuit has found that the district court did not "abuse its discretion when it quashed the subpoenas of the two third party witnesses who were given only one business day's notice of their

need to testify at trial." *Haskett v. Unknown Clients #1-#9*, 789 F. App'x 489, 490 (5th Cir. 2020); see also *Cris v. Fareri*, No. 10–1926, 2011 WL 4433961, at *2 (D.Conn. Sept.22, 2011) (less than two days not reasonable); *Mem'l Hospice, Inc. v. Norris*, No. 08–048, 2008 WL 4844758, at *1 (N.D.Miss. Nov. 5, 2008) (three days not reasonable; eight days not reasonable); *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, No. 11–04, 2011 WL 5330295, at *2 (W.D.N.C. Nov.7, 2011) (six days not reasonable); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D.Nev.1999) (six days not reasonable); *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002) (one week not reasonable); *Brown v. Hendler*, No. 09–4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan.31, 2011) (nine days not reasonable). But see *P.S. v. Farm, Inc.*, No. 07–2210, 2009 WL 483236, at *4 (D.Kan. Feb.24, 2009) (finding five days reasonable under a local court rule defining "reasonable written notice" under Rule 30 as "five days").

Here, the Plaintiffs knew about Defendants' Emergency Motion on August 25, 2022 and waited until less than 48 hours to issue, much less serve these subpoenas. Clearly, less than 48 hours is not a "reasonable" amount of time to comply and this Court ***must***, pursuant to FRCP 45, quash the subpoenas.

**II.   THE TESTIMONY OF THE SUBPOENAED DEFENDANTS IS IMMATERIAL TO THE RESOLUTION OF THE DEFENDANTS' EMERGENCY MOTION**

Beyond the lack of reasonable notice or an opportunity to conduct discovery beforehand, the Subpoenaed Defendants' testimony is entirely unnecessary to decide the issues raised in Defendants' Emergency Motion. Defendants' Emergency Motion seeks relief on legal bases only, as follows:

(1) the non-solicitation and non-competition restrictions that Plaintiffs rely upon are plainly unenforceable under Oklahoma law, and Plaintiffs' other claims are equally unlikely to succeed;

(2) the TRO is overbroad and invalid on its face under both Oklahoma and federal law; and

(3) the TRO was entered with no bond, no time limit, and no findings whatsoever.

(Dkt. 6, p.2).

Moreover, the Notice of Subpoenas is clear that the purpose for haling the Subpoenaed Defendants into Court is for the hearing on Defendants' Emergency Motion, ***not*** for Plaintiffs' Preliminary Injunction or for the purpose of preserving the Plaintiffs' *Ex Parte* Temporary Restraining Order.  Simply put, Plaintiffs are attempting to blur the lines between their Response to the Defendants' Emergency Motion (Dkt. 14) and their Motion for a Preliminary Injunction (Dkt. 15).  However, the lion's share of Plaintiffs' Response to Defendants' Emergency Motion is in support of Plaintiffs' request that this Court "conduct an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction." (Dkt. 14, p. 1).  Despite Plaintiffs' contention, and pursuant to this Court's Order of August 25, 2022 (Dkt. 10), the August 31, 2022 hearing is set for Defendants' Emergency Motion, ***not*** for Plaintiffs Motion for Preliminary Injunction.

Furthermore, since the Notice of Subpoenas only contemplates the hearing on Defendants' Emergency Motion, the Subpoenaed Defendants cannot be forced to testify in regard to other matters.  Any further elicitation of testimony would be unfair and prejudicial.  Plaintiffs should not be permitted to use the August 31, 2022 hearing as a

fishing expedition or an attempt to ambush the Subpoenaed Defendants with unsubstantiated allegations and unauthenticated documents and evidence.

Accordingly, this Court should quash the subpoenas to the Subpoenaed Defendants because any testimony of the Subpoenaed Defendants would be immaterial and entirely unhelpful to resolve the issues set forth in Defendants Emergency Motion.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court quash the subpoenas issued to Brady Cline, Roben Melton, and Justin Poos and grant them any other such relief that this Court deems appropriate.

Respectfully submitted,

/s/ *Kiran A. Phansalkar*
Kiran A. Phansalkar, OBA #11470
J. Dillon Curran, OBA #19442
Preston M. Sullivan, OBA #33489
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  (405) 272-5711
Facsimile:  (405) 232-2695
Email:   kphansalkar@cwlaw.com
            dcurran@cwlaw.com
            psullivan@cwlaw.com

and

Michael D. Wexler, IL #6207847
 *(admitted pro hac vice)*
Kevin J. Mahoney, IL #6299398
 *(admitted pro hac vice)*
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Email:   kmahoney@seyfarth.com
            mwexler@seyfarth.com

**Attorneys for Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation, Summit Spine Solutions, LLC, and RD Medical, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record, namely:

>Jason A. Ryan, OBA #18824
>Patrick R. Pearce, Jr., OBA #18802
>Corey A. Neller, OBA #19534
>Ryan Whaley
>400 N. Walnut Ave.
>Oklahoma City, OK  73104
>Telephone:  (405) 239-6040
>Facsimile:  (405) 239-6766
>Email: jryan@ryanwhaley.com
>　　　　ppearce@ryanwhaley.com
>　　　　cneller@ryanwhaley.com
>*Attorney for Plaintiffs*
>*RX Medical, LLC, ROK Sales, LLC,*
>*and ROK Medical Management, LLC*

　　　　　　　　　　　　　　　　　　　/s/ *Kiran A. Phansalkar*
　　　　　　　　　　　　　　　　　　　Kiran A. Phansalkar