## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RX MEDICAL, LLC, ROK SALES, LLC, and
ROK MEDICAL MANAGEMENT, LLC,

               Plaintiffs,

v.

ROBEN MELTON, JUSTIN POOS, BRADY
CLINE, TODD PERRY, SHELBY BULLARD,
GREG MASON, JOSH MCDONALD, KRISTY
MOORE, DIGSS INVESTMENTS, LLC,
STRYKER CORPORATION, SUMMIT SPINE
SOLUTIONS, LLC, and RD MEDICAL, LLC,

               Defendants.

Case No.:  5:22-cv-00731-PRW

## DEFENDANTS' FIRST SET OF EXPEDITED
## REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation ("Stryker"), Summit Spine Solutions, LLC, and RD Medical, LLC ("Defendants"), by their attorneys and pursuant to Federal Rules of Civil Procedure 26(d) and 34, and this Court's Order regarding expedited discovery, requests that Plaintiffs RX Medical, LLC, ROK Sales, LLC, and ROK Medical Management, LLC ("Plaintiffs") produce the documents below at the offices of Defendants' undersigned counsel, in accordance with the Definitions and Instructions appearing below, within seven (7) days of service. Defendants reserve the right to serve additional Requests for Production in this matter.

## DEFINITIONS AND INSTRUCTIONS

1.     The term "Individual Defendants" means, collectively, Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh

Exhibit 2
Page 1 of 8

McDonald, and Kristy Moore, along with their respective representatives, attorneys, agents and all persons acting at the direction or on behalf of them.

2.      The term "DIGSS" mean Defendant DIGSS Investments, LLC along with its directors, officers, employees, representatives, attorneys, agents and all persons acting at the direction or on behalf of one or more of them.

3.      The term "RD Medical" means Defendant RD Medical, LLC along with its directors, officers, employees, representatives, attorneys, related entities, agents and all persons acting at the direction or on behalf of one or more of them.

4.      The term "Summit Spine" means Defendant Summit Spine Solutions, LLC along with its directors, officers, employees, representatives, attorneys, related entities, agents and all persons acting at the direction or on behalf of one or more of them.

5.      The term "Stryker" means Defendant Stryker Corporation along with its directors, officers, employees, representatives, attorneys, related entities, agents and all persons acting at the direction or on behalf of one or more of them.

6.      "Defendants" refers to, collectively, the Individual Defendants, DIGSS, RD Medical, Summit Spine, and Stryker.

7.      The term "Plaintiffs" means Plaintiffs RX Medical, LLC, ROK Sales, LLC, and ROK Medical Management, LLC, along with their directors, officers, employees, representatives, attorneys, related entities, agents and all persons acting at the direction or on behalf of one or more of them.

8.      The term "Spine Products" products means medical devices used by orthopaedic surgeons and neurosurgeons in procedures involving the spine.

9.      The term "Communications" means every manner or means of disclosure, transfer or exchange, including but not limited to all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, telephone conversations, e-mail, letters, notes, memoranda, telegrams, advertisements, or other form of verbal intercourse, whether oral or written, or any summaries, paraphrases or other records of any of the foregoing.

10.     The term "Documents" means all written or graphic matter of every kind or description however produced or reproduced, whether draft or final, original or reproductions, and all tangible things, including information in electronic and machine readable form, resident on computer networks, computers and PDAs or other hand-held devices, specifically including but not limited to: writings, graphs, charts, photographs, phone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, films, transcripts, microfilm, desk calendars, appointment books,

Exhibit 2
Page 2 of 8

diaries, time sheets, logs, bulletins, circulars, notices, rules, regulations, prospectuses, directions, teletype messages, interoffice communications, reports, company sheets, credit files, evidences of indebtedness, negotiable instruments, telegrams, mailgrams, books, new releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial statements, stock transfer books, ledgers, journals, books of accounts, bills, vouchers, bank checks, proposals, offers, orders, receipts, invoices, checks, working papers, telephone messages, notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graph indices, projections, forms, data sheets, data processing discs or readable computer-produced interpretations, electronic media (including, but not limited to, e-mails, whether stored within an in box, out box, sent box, trash box, or in any other manner, e-mail logs, computer memory, hard drives, floppy discs, compact discs and magnetic tapes of any kind), booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings, photographs, blueprints, slides, audit reports, personal interviews, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of any Plaintiff or to which any Plaintiff can obtain access.

11.     For purposes of these Requests, if a Document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason or subsequent modifications, are no longer identical), each non-identical copy is a separate "Document."

12.     "Identify," as used in connection with the identification of Persons, means to state the following information with respect to each person:

(i)     full name;
(ii)    age;
(iii)   current or last known employer or name of business;
(iv)    current or last known title or job description;
(v)     current or last known work address; and
(vi)    current or last known residence address.

13.     "Identify," as used in connection with the identification of Documents, means to state the following information with respect to each Document:

(i)     the name and address of the author;
(ii)    the date, and if undated, its date of preparation;
(iii)   the general nature of the Document (*i.e.*, whether it is a letter, a memorandum, a pamphlet, a report, etc.);

Exhibit 2
Page 3 of 8

      (iv)    the name and address of all persons to whom the original or a copy of the Document was addressed; and

      (v)    the name and address of each person now having possession of a copy of the Document and the location of each such copy of the Document.

14.    The term "Identify," when used with respect to a Communication, means to state the name and present address of each person present at the Communication and to state the subject matter of the Communication. If the Communication was in writing, or later memorialized in writing, identify all documents which relate to the Communication in the manner provided above.

15.    "Person" means any individual, corporation, partnership, association, organization and any other entity of any type and nature and is not limited to individuals, corporations, partnerships, associations or organizations that have been or are employed by, retained or in any manner affiliated with Plaintiff.

16.    "Concerning" means relating to, describing, evidencing, constituting, consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

17.    "You" or "Your" means Plaintiffs.

18.    Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa. All words and phrases shall be construed as masculine, feminine, or gender neutral, according to the context. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

19.    If You object to, or otherwise decline to respond to, any portion of a document request, please provide all documents called for by that portion of the document request to which You do not object or to which You do not decline to answer. If You object to a document request on the ground that it is too broad (*i.e.*, that it calls both for documents which are relevant to the subject matter of the action and documents which are not), please provide such documents as are concededly relevant. If You object to a document request on the ground that to provide documents would constitute an undue burden, please provide such requested documents as can be supplied without undertaking an undue burden.

20.    These Requests shall be deemed continuing in nature, pursuant to Fed. R. Civ. P. 26(e), so as to require supplemental responses if further material is obtained or discovered by any Plaintiff or its attorneys between the time these Requests are answered

Exhibit 2
Page 4 of 8

and the time of trial. Such material shall be furnished to Defendants' attorneys within a reasonable time after it becomes known or is obtained.

21.     Unless otherwise specified the timeframe for these requests is January 1, 2022 through the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     All documents identified in your answers to Defendants' expedited interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**     All documents evidencing or relating to any of the Individual Defendants violating any of their purported agreements with You, including but not limited to solicitation of Your customers.

**REQUEST FOR PRODUCTION NO. 3:**     All documents evidencing or relating to any of the Defendants allegedly misusing, disclosing, or misappropriating Your purported confidential information, including but not limited to pricing information.

**REQUEST FOR PRODUCTION NO. 4:**     All documents evidencing or relating to any of the Defendants allegedly improperly accessing or altering your computer systems.

**REQUEST FOR PRODUCTION NO. 5:**     All documents evidencing or relating to any of the Defendants allegedly improperly indirectly soliciting Your customers.

**REQUEST FOR PRODUCTION NO. 6:**     All documents evidencing or relating to any of the Defendants allegedly improperly taking Your equipment or failing to return Your equipment.

Exhibit 2
Page 5 of 8

**REQUEST FOR PRODUCTION NO. 7:**     All communications with any third parties, including but not limited to ZimVie or any of Your customers or vendors, regarding the Individual Defendants or the allegations in Your Petition.

**REQUEST FOR PRODUCTION NO. 8:**     All   documents   evidencing   or relating to Your alleged damages in this matter.

**REQUEST FOR PRODUCTION NO. 9:**     All documents which you may use as exhibits or evidence at the preliminary injunction hearing in this matter.

**REQUEST FOR PRODUCTION NO. 10:**   Any witness statements, affidavits, or declarations related to this matter in your possession, custody, or control.

Respectfully submitted,

_____
Kiran A. Phansalkar, OBA #11470
J. Dillon Curran, OBA #19442
Preston M. Sullivan, OBA #33489
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  (405) 272-5711
Facsimile:  (405) 232-2695
Email:   kphansalkar@cwlaw.com
             dcurran@cwlaw.com
             psullivan@cwlaw.com

and

Michael D. Wexler, IL #6207847
  *(admitted pro hac vice)*
Kevin J. Mahoney, IL #6299398
  *(admitted pro hac vice)*
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Email:   kmahoney@seyfarth.com
             mwexler@seyfarth.com

***Attorneys for Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation, Summit Spine Solutions, LLC, and RD Medical, LLC***

Exhibit 2
Page 7 of 8

## CERTIFICATE OF SERVICE

On August ___, 2022, I served a copy of the foregoing document(s), on the

interested parties by:

  _____ **U.S. Mail**
        _____ First class delivery
        _____ Certified Mail, Return Receipt Requested
  _____ **Personal Service**
  _____ **Facsimile**
  _____ **E-mail**
  _____ **Overnight Delivery**      Tracking Number
        _____ Federal Express    _____
        _____ UPS, Next Day Air  _____
        _____ Express Mail      _____

addressed as follows:

Jason A. Ryan, OBA #18824
Patrick R. Pearce, Jr., OBA #18802
Corey A. Neller, OBA #19534
Ryan Whaley
400 N. Walnut Ave.
Oklahoma City, OK  73104
Telephone:  (405) 239-6040
Facsimile:  (405) 239-6766
Email:   jryan@ryanwhaley.com
       ppearce@ryanwhaley.com
       cneller@ryanwhaley.com
*Attorney for Plaintiffs*
*RX Medical, LLC, ROK Sales, LLC,*
*and ROK Medical Management, LLC*

_____

Exhibit 2
Page 8 of 8