IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RX MEDICAL, LLC, ROK SALES, LLC, and ROK MEDICAL MANAGEMENT, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBEN MELTON, JUSTIN POOS, BRADY CLINE, TODD PERRY, SHELBY BULLARD, GREG MASON, JOSH MCDONALD, KRISTY MOORE, DIGSS INVESTMENTS, LLC, STRYKER CORPORATION, SUMMIT SPINE SOLUTIONS, LLC, and RD MEDICAL, LLC,<br><br>      Defendants. | Case No.: 5:22-cv-00731-PRW |

**DEFENDANTS' INITIAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT**

Defendants Rob Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Josh McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation, Summit Spine Solutions, LLC, and RD Medical, LLC ("Defendants") submit this Initial Response in Opposition to Plaintiffs' Motion for Preliminary Injunction.

The Court should deny Plaintiffs' Motion for Preliminary Injunction because Plaintiffs fail to establish that a preliminary injunction is necessary. Additionally, this Court should immediately dissolve the *ex parte* TRO, despite Plaintiffs having amended their complaint (Dkt 23) to eliminate claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq* ("CFAA"). If the Court grants Defendants' pending Motion for Leave to Conduct Limited, Expedited Discovery (Dkt. 22), the Defendants anticipate providing a more fulsome response in opposition to inform this Court of the relevant facts learned in discovery and applicable law.

## INTRODUCTION

The Plaintiffs fail to meet the heavy burden required to receive the extraordinary remedy of a preliminary injunction because Plaintiffs are unable to establish that such drastic relief is necessary in any form or fashion.  Further, Plaintiffs' amendment to eliminate their CFAA claims on the eve of the dissolution hearing is nothing more than an attempt to manipulate jurisdiction, possibly achieve a remand to state court, and thereby avoid the dissolution of a facially deficient and improperly obtained *ex parte* TRO. Plaintiffs' amendment undermines the *ex parte* TRO and highlights the gamesmanship by Plaintiffs to deny Defendants an opportunity to be heard, which has thus far been denied. Of the *ex parte* TRO's six injunctive provisions, four implicated Plaintiffs' CFAA claim.

Under Federal Rule of Civil Procedure 65(b)(2), the *ex parte* TRO will automatically expire on Wednesday, September 7, 2022.  Crucially, automatic termination occurs only if this case remains before this Court.  The state law that would govern upon remand, Okla. Stat. tit. 12 § 1384.1, does not provide for an automatic expiration but, rather, requires a hearing for dissolution, for which none is scheduled.  A remand, therefore, inevitably delays dissolution of the *ex parte* TRO and results in unfairly prolonging the improper restraint of Defendants.

In recognition of Plaintiffs' attempted manipulation, this Court should deny Plaintiffs' request for preliminary injunction, exercise its discretion to retain supplemental jurisdiction over Plaintiffs' remaining claims, and dissolve the *ex parte* TRO—which was improperly granted against individuals and entities with no restrictive covenants and a few individuals with facially defective agreements, and with no notice or bond.

## **PROCEDURAL HISTORY**

On August 19, 2022, the Plaintiffs filed their lawsuit in Oklahoma County District Court and on the very same day—without providing or attempting to provide notice to Defendants or posting a bond—improperly obtained an *ex parte* TRO against all Defendants. The Defendants removed on August 24, 2022, based upon Plaintiffs' federal law claims under the CFAA and this Court's supplemental jurisdiction over the remaining state law claims (Dkt. 1). The next day the Defendants filed their Emergency Motion asking this Court to dissolve the TRO on statutorily required two-days' notice (Dkt. 6). The Court scheduled the hearing on the Emergency Motion for August 31, 2022 (Dkt. 10).

On August 29, 2022, the Plaintiffs filed their Motion for Preliminary Injunction (Dkt. 15). On August 30, 2022, this Court ordered that the parties be prepared to address at the dissolution hearing questions regarding this Court's subject matter jurisdiction, in particular its supplemental jurisdiction, whether the CFAA claims were properly pled, and whether they predominated over the state law claims (Dkt. 16). In the afternoon on August 30, 2022, further attempting to deny Defendants an opportunity to be promptly heard, Plaintiffs filed their Notice of Intent to Amend Their Pleading to Remove Their Claim Under the Federal Computer Fraud and Abuse Act (Dkt. 20). Plaintiffs then filed their Amended Complaint (Dkt. 23) removing all references to the CFAA on the eve of the hearing on the motion to dissolve, and just one day after Plaintiffs filed a Motion for Preliminary Injunction that argued Plaintiffs were likely to prevail on the CFAA claims. Later that evening the Court struck the dissolution hearing.

Presently, Defendants' Emergency Motion to Dissolve Ex Parte Temporary Restraining Order is not scheduled for hearing.

## ARGUMENT AND AUTHORITIES

**PROPOSITION I: PLAINTIFFS FAILED TO ESTABLISH THEY ARE ENTITLED TO A PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal quotations omitted), which should ***only*** be granted when "the right to relief [is] clear and unequivocal." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Here, Plaintiffs have not so shown a right to relief.

1.  <u>Plaintiffs Cannot Establish a Significant Likelihood of Irreparable Harm</u>

"[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements." *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017). To merit preliminary injunctive relief, a movant "must demonstrate a ***significant risk*** that he or she will experience harm that cannot be compensated after the fact by money damages." *Id.* (emphasis added). "That harm must be both certain and great, not merely serious or substantial." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (internal quotations omitted). "[A] speculative or theoretical injury will not suffice." *Id.*

Courts regularly deny injunctive relief sought on facts like those at hand where the plaintiff made no showing that injury to goodwill and damages were incapable of calculation. *See, e.g., Baker's Aid v. Hussmann Foodservice Co.,* 830 F.2d 13, 16 (2d

Cir.1987) (rejecting argument that irreparable harm automatically follows breach of covenant not-to-compete, especially in light of plaintiff's inability to show loss of goodwill or any other type of harm). Here, Plaintiffs' motion is void of any evidence or showing that any of the Defendants made any efforts to damage Plaintiffs' goodwill. The only injury purportedly suffered by Plaintiffs is the loss of business associated with the likelihood that certain customers may choose to do business with Defendants, or other competitors, as opposed to Plaintiffs—which is permissible and not actionable. Further, the amount of alleged lost business is certainly quantifiable if it can be proven that such business was lost as a result of wrongful conduct and not due to market conditions or customer preference.

2. <u>Plaintiffs Are Not Likely to Prevail on the Merits</u>

While Plaintiffs do not have to "show positively that they will prevail on the merits before a preliminary injunction may be granted," they must "establish a reasonable probability of success" to obtain a preliminary injunction. *Atchison, Topeka & Santa Fe Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981) (citation omitted).  Here, as more fully set forth in the Emergency Motion to Dissolve *Ex Parte* Temporary Restraining Order [Dkt 6], Plaintiffs are not likely to prevail on the merits because the contractual provision(s) on which they rely are facially impermissible and the majority of Defendants have no contract with Plaintiffs. Further, Plaintiffs' argument that they are likely to prevail on the merits of the CFAA claim are moot as such claims were removed from their complaint.

3. <u>The Injunction Would Be Adverse to Public Interest</u>

"There are two principal grounds on which the doctrine is founded, that a contract in restraint of trade is void as against public policy. One is, the injury to the public by

being deprived of the restricted party's industry; the other is, the injury to the party himself by being precluded from pursuing this occupation and thus being prevented from supporting himself and his family." *Oregon Steam Nav. Co. v. Winsor*, 87 U.S. 64, 68 (1873).  Here, the Temporary Restraining Order deprives spinal surgeons and hospitals from the expertise and knowledge of the Defendants and unnecessarily put patients at risk. Moreover, the Temporary Restraining Order and any future preliminary injunction would prevent the Defendants from earning a living and supporting their families.

4. <u>The Injunction Is Not Narrowly or Specifically Tailored</u>

Injunctions must be narrowly and specifically tailored to remedy the harm shown, *Garrison v. Baker Hughes Oilfield Operations, Inc.,* 287 F.3d 955, 960 (10th Cir. 2002), but the relief requested by Plaintiffs is so vague and broad that as a practical matter it is difficult for Defendants to even respond in detail to the allegations contained therein.  For example, the Plaintiffs asks the Court to enjoin Defendants (most of whom have no agreement with Plaintiffs) from soliciting "any person or company who was an established customer of Plaintiffs…" (Dkt. 15, p. 4) without identifying which specific customers are "established."  In the same vein, Plaintiffs seek to enjoin individual defendants from "assisting" the Corporate Defendants from soliciting customers, a hopelessly amorphous restraint potentially including nearly any activity an Individual Defendant performs in furtherance of his or her job.  The restraints Plaintiffs seek are neither narrow nor specific.

**PROPOSITION II: THIS COURT SHOULD EXERCISE ITS DISCRETION AND DISSOLVE THE TEMPORARY RESTRAINING ORDER**

A party may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). Rather, "[t]he propriety of removal is judged on the complaint *as it stands at the time of the removal*." *Id.* (emphasis added). What is more, "federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir.1998) (citations omitted); see also *Compton v. Rent-A-Ctr., Inc.*, No. CIV-07-972-D, 2008 WL 2433978, at *1 (W.D. Okla. June 12, 2008).

Notably, the Supreme Court of the United States has recognized a concern that "a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). To address this concern, this Court is given the discretion to consider "the values of economy, convenience, fairness, and comity" when determining whether to remand. *Id.* at 353. If, as here, "the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.*

Here, Plaintiffs' actions can be summed up as a combination of forum shopping and gamesmanship. The Plaintiffs are keenly aware that (1) CFAA was among the key underpinnings of the *ex parte* TRO, (2) the *ex parte* TRO will automatically expire in this

Court on September 7, 2022, and (3) Oklahoma law has no automatic expiration of a TRO. The timing of the amendment is suspicious. Plaintiffs amended on the eve of the hearing on the motion to dissolve, just one day after Plaintiffs filed a Motion for Preliminary Injunction [Dkt 14] arguing it was likely they would prevail on the CFAA claims. Plaintiffs apparently saw the writing on the wall and attempted to force a return to state court by removing the federal Computer Fraud and Abuse Act claim to destroy federal question jurisdiction. Their amendment should be of no avail, however. At the time of the removal, Plaintiffs' CFAA claims were intact and therefore this Court has supplemental jurisdiction over the other claims Plaintiffs made under state law. The elimination of the CFAA claims does not destroy this Court's jurisdiction.

Certainly, the efforts of Plaintiff—to deny Defendants an opportunity to be heard, to continue to perpetuate an improvidently obtained *ex parte* TRO with no bond, and against Defendants having no contract or an illegal contract with Plaintiffs, and circumvent this Court's jurisdiction—should not be rewarded.

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for Preliminary Injunction and further retain jurisdiction and immediately dissolve the *Ex Parte* Temporary Restraining Order entered against them by the District Court of Oklahoma County, Oklahoma on August 19, 2022, and grant them any other such relief that this Court deems appropriate.

Respectfully submitted,

/*s*/ Kiran A. Phansalkar
Kiran A. Phansalkar, OBA #11470
J. Dillon Curran, OBA #19442
Preston M. Sullivan, OBA #33619
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  (405) 272-5711
Facsimile:  (405) 232-2695
Email:   kphansalkar@cwlaw.com
   dcurran@cwlaw.com
   psullivan@cwlaw.com

and

Michael D. Wexler, IL #6207847
 *(admitted pro hac vice)*
Kevin J. Mahoney, IL #6299398
 *(admitted pro hac vice)*
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Email:   kmahoney@seyfarth.com
   mwexler@seyfarth.com

***Attorneys for Defendants Roben Melton, Justin Poos, Brady Cline, Todd Perry, Shelby Bullard, Greg Mason, Joshua McDonald, Kristy Moore, DIGSS Investments, LLC, Stryker Corporation, Summit Spine Solutions, LLC, and RD Medical, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record, namely:

> Jason A. Ryan, OBA #18824
> Patrick R. Pearce, Jr., OBA #18802
> Corey A. Neller, OBA #19534
> Ryan Whaley
> 400 N. Walnut Ave.
> Oklahoma City, OK  73104
> Telephone:  (405) 239-6040
> Facsimile:  (405) 239-6766
> Email: jryan@ryanwhaley.com
> ppearce@ryanwhaley.com
> cneller@ryanwhaley.com
> *Attorney for Plaintiffs*
> *RX Medical, LLC, ROK Sales, LLC,*
> *and ROK Medical Management, LLC*

/s/ *Kiran A. Phansalkar*
Kiran A. Phansalkar
