## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RX MEDICAL LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-731-PRW |
| | ) | |
| ROBEN MELTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This dispute between non-diverse parties was removed to federal court by Defendants, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. At the time of removal, only one claim in this case involved a federal question. But "the federal question, like Elvis, ha[s] left the building."[1] Since the federal question is no longer present, the Court **DECLINES** supplemental jurisdiction over the five remaining state law claims and **REMANDS** this case to the District Court of Oklahoma County.

### *Background*

This case involves allegations by an employer that former employees breached non-compete contracts, misappropriated confidential information, solicited customers, and poached employees in connection with their move to a direct competitor. Plaintiffs—three members of the RX Medical Family of Companies—market, sell, and distribute medical

---

[1] *Araya v. JPMorgan Chase Bank*, 775 F.3d 409, 418–19 (D.C. Cir. 2014).

device products to physicians and hospitals. Defendants are a group of individuals—former employees of Plaintiffs—and corporations—direct competitors of Plaintiffs.[2] On August 12, 2022, the individual Defendants resigned their positions with Plaintiffs and began employment with the corporate Defendants.

A week after the individual Defendants' resignations, Plaintiffs brought this case in the District Court of Oklahoma County. In their initial state court complaint, Plaintiffs brought six claims. Five of those claims were garden variety state law claims.[3] The final claim arose from the Computer Fraud and Abuse Act (CFAA),[4] a federal statute that provides a civil remedy for unauthorized use of a computer. Plaintiffs simultaneously moved for a Temporary Restraining Order, which was granted *ex parte* that same day.

Four days later, without any action in state court, Defendants removed this case to this Court. Defendants asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the federal question jurisdiction statute.[5] At the time of removal, only one claim involved a federal question: Plaintiffs' CFAA claim.[6] Jurisdiction over Plaintiffs' five state law claims was asserted under this Court's supplemental jurisdiction.[7] Defendants immediately

---

[2] The parties are not diverse for purposes of 28 U.S.C. § 1332.

[3] These claims were: (1) breach of contract for violation of a non-compete clause; (2) breach of fiduciary duty; (3) tortious interference with contractual or business relations and prospective economic advantage; (4) misappropriation of trade secrets under the Oklahoma Uniform Trade Secrets Act; and (5) civil conspiracy.

[4] 18 U.S.C. § 1030.

[5] *See* Defs.' Notice of Removal (Dkt. 1), at 2 (citing § 1331).

[6] *Id.* (citing § 1030).

[7] *Id.* (citing 28 U.S.C. § 1367(a)).

filed a motion to dissolve the state court TRO.[8] The Court initially set a hearing on the motion[9] and ordered the parties to be prepared to address two issues: (1) whether declining to exercise supplemental jurisdiction over the five state law claims was appropriate under 28 U.S.C. § 1367(c)(3);[10] and (2) whether declining to exercise supplemental jurisdiction over the five state law claims was appropriate under section 1367(c)(2).[11]

That same day, Plaintiffs filed a notice indicating their intent to amend their complaint to remove their claim under CFAA.[12] Hours later, Plaintiffs' filed an amended complaint.[13] This new operative complaint asserted the same five state law claims

---

[8] *See* Defs.' Mot. to Dissolve TRO (Dkt. 6).

[9] *See* Order (Dkt. 10), at 1.

[10] At the time of removal, there was a significant question as to whether Plaintiffs had sufficiently pled the CFAA claim. *See Van Buren v. United States*, 141 S. Ct. 1648 (2021); *Power Equip. Maint., Inc. v. AIRCO Power Servs., Inc.*, 953 F. Supp. 2d 1290, 1295–98 (S.D. Ga. 2013). Failure to sufficiently plead the anchor claim could deprive this Court of jurisdiction. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966) ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court."); *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) ("[J]urisdiction . . . is wanting where the claim set forth in the pleading is plainly unsubstantial."); *Mizell v. SunTrust Bank,* 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (explaining that "[c]ourts must strictly construe removal statutes, and must resolve any ambiguities concerning the propriety of removal in favor of remand" (internal quotation marks omitted)).

[11] Order (Dkt. 16), at 1–2.

[12] Notice (Dkt. 20), at 1–2.

[13] Am. Compl. (Dkt. 23). This amendment was made as of right. *See* Fed. R. Civ. P. 15(a)(1)(A). And particularly given the tenuous pleading of the CFAA claim, amendment was certainly not improper. *Cf. Enochs v. Lampasas Cnty.,* 641 F.3d 155, 160 (5th Cir. 2011); *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 232–33 (3rd Cir. 1995); *Nash v. Correct Care Solutions, LLC,* 2007 WL 3287835, at *2 (D. Kan. Nov. 6, 2007); *Thompson v. Bama Cos., Inc.,* 2006 WL 717477, at *8 (N.D. Okla. Mar. 20, 2006); *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 194 (D.D.C. 2015) ("The

contained in the original complaint.[14] But significantly, and consistent with Plaintiffs' prior notice, the amended complaint omitted the CFAA claim—the original federal question jurisdiction anchor claim. Now that the only claim over which this Court had original jurisdiction has been removed from this case and only state law claims remain, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the remaining five state law claims[15] and whether the case should be remanded to state court.[16]

### *Discussion*

Jurisdiction over the remaining claims is governed by 28 U.S.C. § 1367. While that statute permits the exercise of jurisdiction over Plaintiffs' remaining claims,[17] section 1367 does not require it. Rather, supplemental jurisdiction under section 1367 "is a doctrine of discretion, not . . . right."[18] The statute provides that the Court "may decline to exercise supplemental jurisdiction over a [state law] claim" if, among other things, the claim over which the Court has original jurisdiction—here, the federal question claim—is no longer

---

'well-pleaded complaint rule' recognizes that the plaintiff is 'master of the claim' and may rely exclusively on state law to avoid federal question jurisdiction." (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)).

[14] *See* Am Compl. (Dkt. 23), at 10–18. These are the only claims asserted in the amended complaint.

[15] *See* 28 U.S.C. § 1367(c).

[16] *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343 (1988).

[17] Section 1367(a) grants federal courts subject matter jurisdiction over "all other claims that are so related to" the federal question claim "that they form part of the same case or controversy."

[18] *Gibbs,* 383 U.S. at 726.

present in the suit.[19] So,"[a] district court may choose to retain jurisdiction over, or dismiss, [] state law claims after federal claims are dismissed."[20] While a discretionary decision, the Supreme Court has instructed that "in the usual case [where]," like here "all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[21] This is because federal courts are to avoid "[n]eedless decisions of state law."[22]

Applying these principles, one Court found that a nearly identical case should be remanded.[23] There, like here, an employer alleged that former employees misappropriated confidential information, solicited customers, and poached employees in connection with

---

[19] § 1367(c)(3).

[20] *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005). Section 1367's use of the permissive "may" makes this clear. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012). So, when all "the federal-law claims are dismissed or abandoned after removal," the "jurisdictional issue shifts . . . from whether remand is required because jurisdiction is not present to whether the court should remand the remaining state-law claims despite the fact that federal jurisdiction is proper." *W.T. Bell Int'l, Inc. v. Bradley*, 2016 WL 4611289, at *2 (S.D. Tex. Sept. 6, 2016).

[21] *Cohill,* 484 U.S. at 350 n.7; *see Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) ("Once a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (explaining that the Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction" (cleaned up)).

[22] *Gibbs,* 383 U.S. at 726. This principle is rooted in the design of our nation's federal structure, which recognizes that state courts are to be the driver of state law claims.

[23] *See AIRCO*, 953 F. Supp. 2d at 1290.

their move to a direct competitor.[24] The employer brought nearly identical claims: a CFAA claim—under which the employer asserted federal question jurisdiction—and state law claims for breach of fiduciary duty, tortious interference with business relations, misappropriation of trade secrets, and civil conspiracy—brought in federal court under supplemental jurisdiction.[25] After the CFAA claim was dismissed, the court weighed the relevant section 1367(c) factors and found that remand of the state law claims was appropriate.[26] Specifically, the court found that "having the[] state law issues heard in state court economizes judicial resources," would be "more convenient to the parties," and that "notions of fairness and comity would suggest that a case now composed of claims based entirely on state law should be tried in a state court."[27]

This case is no different. Since Plaintiffs' amended complaint removes the CFAA claim from this case, "in the usual case" the Court should decline jurisdiction over Plaintiffs remaining claims,[28] particularly where, as here, the case has been in federal court for a short period of time: here, only nine days. Upon review, the Court finds that there are no factors present in this case that rebut that presumption. In fact, like *AIRCO*, the remaining factors favor remand.

---

[24] *Id*. at 1292.

[25] *Id*. at 1293.

[26] *Id.* 1298–99.

[27] *Id*. at 1298.

[28] *See supra* note 21.

To start, principles of federalism and comity heavily favor "remand because [remand] respects the state court's primary role in determining state law."[29] Judicial economy also favors remand because at the time the CFAA claim was removed from Plaintiffs' complaint hardly any federal judicial resources—let alone a significant amount of resources—had been devoted to the consideration of the Oklahoma state law claims (or the CFAA claim).[30] This case had been in federal court for less than a week, and this Court had not ruled on a single motion. Further, the state court is likely more familiar with the remaining exclusive state law issues in this case. Convenience also favors remand. No hearings have been held in this court, and the parties have not engaged in extensive discovery or other activities that would have to be duplicated in state court. Likewise, fairness also favors remand. "[I]t [is] certainly fair to have the purely [Oklahoma] state law claims heard in [Oklahoma] state court, and there is nothing to indicate that either party would [be] prejudiced by a remand to [Oklahoma] state court."[31]

---

[29] *Bradley*, 2016 WL 4611289, at *2 (citing *Enochs*, 641 F.3d at 160); *see also AIRCO*, 953 F. Supp. 2d at 1298 (explaining that comity "suggest[s] that a case now composed of claims based entirely on state law should be tried in a state court"). The state court's primary role in determining state law weighs heavily in favor of remand in this case because the only claims that remain are state law claims. Therefore, by remanding this case, federal courts lose no control over the determination of federal law. And since no federal claims remain, the case will not be split, with some claims in federal court and others in state court. On this factor, the balance between state and federal interests tilts entirely in one direction.

[30] *See Enochs*, 641 F.3d at 159 (finding that judicial economy favored remand because "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)").

[31] *Id.* at 160.

In addition, several other statutory factors weigh in favor of remand. For one, even prior to Plaintiffs amending their complaint, the five state law claims—which took up almost all of the briefing—"substantially predominate[d]"[32] over the one federal claim—which took up a single paragraph of Defendants' brief and a single paragraph of Plaintiffs' brief.[33] Additionally, the breach of contract claim—the principal claim in this case that both parties devote the greatest portion of their briefing to—raises potentially complex issues of state law revolving around the interpretation of an important state statute and principles of contract modification, over which the parties suggest that panels of the state's intermediate appellate court may disagree. Under section 1367(c)(1), this also favors remand.[34]

---

[32] 28 U.S.C. § 1367(c)(2).

[33] *Southard*, 7 F.4th at 455 ("[W]hen the complaint was amended, and that federal claim deleted, the state-law claims necessarily predominated over the (now non-existent) federal claim."); *see Gibbs*, 383 U.S. at 726–27 (*"*[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."); *Bhatt v. Hoffman*, 2020 WL 5593761, at *8 (D. N. J. Sept. 17, 2020) ("With nearly all of Plaintiffs federal claims dismissed, her state-law claims substantially predominate over the action." (cleaned up)).

[34] § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim" if "the claim raises a novel or complex issue of State law[.]"). The Court takes no position on whether these issues are in fact unsettled under state law. That is for the state court to decide on remand. The point here is that since this is at least an issue in this case, state courts are in the better position—and the doctrinally favored position—to resolve these disputes. *Cf. Bradley*, 2016 WL 4611289, at *2 (citing *Enochs*, 641 F.3d at 160); *AIRCO*, 953 F. Supp. 2d at 1298.

*Conclusion*

Having weighed the relevant statutory and doctrinal factors, the Court finds that "the balance of factors"[35] favors declining supplemental jurisdiction over the state law claims and remanding this now entirely state law case back to state court. Accordingly, the Court **DECLINES** supplemental jurisdiction over the five remaining state law claims and **REMANDS** this case to the District Court of Oklahoma County.

**IT IS SO ORDERED** this 1st day of September 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[35] *Cohill,* 484 U.S. at 350 n.7.

9